UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:20-CR-15-DPJ-LRA

PETER JERREL LIDDELL

ORDER

Defendant Peter Jerrel Liddell asks the Court to revoke or amend the detention order entered by United States Magistrate Judge Linda R. Anderson. Mot. [24]. He has also filed an unopposed motion to continue trial. Mot. [26]. For the reasons that follow, the motion to revoke is denied, and the motion to continue is granted.

I. Background

This case began with the December 19, 2019 filing of a criminal complaint against Liddell, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At Liddell's December 20, 2019 initial appearance on that charge, United States Magistrate Judge Linda R. Anderson granted the Government's motion to detain Liddell pending trial; a written Order of Detention was entered on December 31, 2019. Judge Anderson found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of other persons and the community, and she found by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Liddell's appearance in Court as required. Order [9] at 2.

On January 15, 2020, the grand jury indicted Liddell on a single charge under § 922(g)(1). At Liddell's initial appearance on the indictment, Judge Anderson ordered that Liddell remain detained. Liddell now seeks de novo review and an order revoking the order of

detention.  In addition to asserting that Judge Anderson's detention decision was incorrect, Liddell argues that "the seriousness and aggressiveness of COVID-19 make continued incarceration very dangerous for Mr. Liddell."  Mot. [24] at 2.  Liddell does not assert that he has any underlying health condition that puts him at higher risk for complications in the event he contracts COVID-19.

II.     Analysis

"When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts de novo and makes an independent determination of the proper pretrial detention or conditions for release."  *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

> [A]s concerning as the COVID-19 pandemic is, resolving an appeal of an order of detention must in the first instance be an individualized assessment of the risk factors identified in the Bail Reform Act, 18 U.S.C. § 3142(g):  the nature and circumstances of the offense charged, including whether it involves controlled substances or firearms; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug abuse, defendant's criminal history, and record of appearing at court proceedings); whether the detainee was on probation, parole, or other court supervision at the time of the alleged offense conduct; and the nature and seriousness of the danger to any person or the community posed by the defendant's release.

*United States v. Martin*, No. 19-140-13, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020). Based on a de novo review of those factors, the Court reaches the same conclusion as Judge Anderson.

First, "the nature and circumstances of the offense charged, including whether the offense . . . involves a . . . firearm," weigh in favor of detention.  18 U.S.C. § 3142(g)(1).  Liddell is charged with being a felon in possession of a firearm.  Second, Defendant has not suggested that the weight of the evidence against him is weak.  *Id.* § 3142(g)(2).  He was apprehended in an apartment in which a firearm was discovered in plain view.  Third, his history and characteristics

present a risk. *Id.* § 3142(g)(3). Liddell has an extensive criminal history, including more than one failure-to-appear offense and at least four resisting-arrest charges. When he was apprehended in this case, he was hiding from law-enforcement officers under a bed. Liddell's history also includes numerous instances of noncompliance with parole and narcotics-possession charges. The fourth factor addresses the risk to the community. *Id.* § 3142(g)(4). Given Liddell's history of absconding, the fact that he was trying to evade law enforcement when he was arrested, and his criminal history, this factor also weighs in favor of detention.

III.    Conclusion

This is not a close call. Like Judge Anderson, the Court concludes that the Government met its burden of showing through clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of other persons and the community and of showing by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Liddell's appearance at trial. Therefore, Liddell's motion to revoke [24] is denied.[1] His unopposed motion to continue [26] is granted, and the case is continued to the Court's August trial calendar.[2]

**SO ORDERED AND ADJUDGED** this the 25th day of June, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Even assuming the Coronavirus pandemic should be considered under § 3145(b), Liddell has not factually established a basis for relief. Although he mentions the general threat Coronavirus presents in prisons, he offers no evidence about this prison or his underlying health. Thus, releasing Liddell would essentially mean that all pretrial detainees in every holding facility should be released.

[2] The Court recognizes that Liddell has new counsel who might need additional time to prepare for trial. If so, he should file another motion to continue as appropriate.